UNITED STATES for benefit of STARRETT-FIELDS CO. v. MASSACHUSETTS BONDING & INS. CO. et al.

(District Court, D. Massachusetts.   March 28, 1913.)

No. 326.

UNITED STATES (§ 67*)—CONTRACTS—BOND—ACTIONS—TIME—"FINAL SETTLEMENT."

Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1911, p. 1071), amending Act Aug. 13, 1894, c. 280, 28 Stat. 278 (U. S. Comp. St. 1901, p. 2523), provides that if the United States brings no action on a contractor's bond within six months from the completion and final settlement of the contract, any person having supplied the contractor labor or materials may sue in the name of the United States, but that no suit by any such creditor shall be commenced until after the complete performance of the contract and final settlement thereof, and shall be commenced within one year after performance and final settlement, and not later. *Held*, that where a federal contractor completed his work March 29, 1912, and the constructing quartermaster then reported to the quartermaster general that the amount due was $4,805, and on January 3d

the Comptroller of the Treasury reported the decision to the Secretary of War that such balance should be paid, less the cost of inspection, additional expense, and damages because of the contractor's failure to perform in time, and final payment was made January 11, 1913, the report of the quartermaster general did not constitute "final settlement," and hence a suit, brought on the bond by a private creditor of the contractor November 7, 1912, was premature.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. § 67.*

For other definitions, see Words and Phrases, vol. 3, p. 2804.]

Action by the United States, for benefit of the Starrett-Fields Company against the Massachusetts Bonding & Insurance Company and another. On motion to dismiss. Granted.

Eaton & McKnight and Charles T. Cottrell, both of Boston, Mass., for plaintiff.

French & Curtiss and Thomas F. Strange, all of Boston, Mass., A. M. Schwarz, of New York City, and S. A. Dearborn, of Boston, Mass., for intervening petitioners.

Gaston, Snow & Saltonstall and Francis W. Bacon, all of Boston, Mass., for defendants.

DODGE, Circuit Judge. This case is submitted, upon the question whether or not suit has been prematurely brought, on facts agreed by the parties.

The plaintiff and the defendant Amity Construction Company contracted for work to be done for the plaintiff at Ft. Andrews in Boston Harbor. The contract was in writing and a copy is annexed to the declaration. The defendant insurance company became surety for the Amity Construction Company on a bond to the government, a copy of which is also annexed to the declaration. A condition of the bond was that the Amity Company should promptly make full payment to all persons supplying it with labor or materials in the prosecution of the work contracted for. All this was in May, 1911. The work contracted for was completed March 29, 1912. The constructing quartermaster then reported to the quartermaster general that there was due from the plaintiff to the Amity Company $4,805. On January 3, 1913, the Comptroller of the Treasury reported a decision to the Secretary of War that the above balance should be paid to the defendant insurance company, less the cost of inspection, additional expenses, and damages because of the Amity Company's default. On January 11, 1913, a deduction was made from the total amount due on the contract for the charge for inspection, the contract not being completed on time, and $4,473.50 was paid to the defendant insurance company as final payment on the contract.

The contract and bond and everything done with reference to them were subject to the provisions of an act passed February 24, 1905 (33 Stat. 811), which amended an act passed August 13, 1894 (28 Stat. 278). By this legislation every contractor with the United States, for construction or repairs of public buildings or works, is required to give bond conditioned upon prompt payment of all persons supplying labor

or materials in the prosecution of the work, and to any such person is given the right to intervene and be made a party to any action instituted by the United States on the contractor's bond. If the United States brings no suit within six months "from the completion and final settlement of said contract," any such person is authorized to bring suit in the name of the United States, in this court, if the contract was to be executed in this district, irrespective of the amount in controversy, for his use and benefit, against the contractor and his surety on the bond. It is provided, however, that no suit by any such creditor shall be commenced until after "the complete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract and no later." It is provided, further, that when any such creditor institutes such a suit, "only one action shall be brought and any creditor may file his claim in such action and be made a party thereto within one year from the completion of work under said contract and no later." If the recovery on the bond is inadequate to pay all such creditors what is found due them, each is to have his pro rata share of the total recovery.

The defendant in this case, admitting that it executed the bond declared on for $5,975, says in its answer that final settlement of the contract declared on has not yet been made, that the United States has not yet paid the balance due by it under the terms of the contract, and that this action should be dismissed because it has been prematurely brought. The date of the writ in this suit is November 7, 1912. The declaration filed in court November 15, 1912, alleges that the Starrett-Fields Company supplied the Amity Company with materials specified; that said materials were used in the construction work contracted for; that the Amity Company has failed to make full payment for them; and that it owes the plaintiff for the benefit of the Starrett-Fields Company $1,169.89. It is further alleged that the contract has been completely performed; that final settlement thereof has been made; that more than six months and less than one year have elapsed since the completion of such performance and the making of such final settlement; and that the United States itself has brought no suit on the bond. The answer above referred to was filed December 14, 1912.

On the agreed facts, six months had not elapsed when the suit was brought in November, 1912, unless the report made to the quartermaster general, upon the completion of the work in March, 1912, was "final settlement." The beneficial plaintiff contends that this report should be so regarded, because it was a final ascertainment of the amount due under the contract, irrespective of deductions.

In Stitzer v. U. S., 182 Fed. 573, 105 C. C. A. 51, the Court of Appeals for the Third Circuit, in construing this statute, held that "completion" and "final settlement" were not equivalent terms; that the former could not be made to include the latter, though the latter might be regarded as including the former. The lapse of six months was said to have been made by the statute a condition precedent to the subcontractor's right to sue on the bond; and such a suit, brought more than six months after completion of the work, but less than six

months after the settlement for it with the contractor, was held prematurely brought.

In U. S. v. Illinois Surety Co. (D. C.) 195 Fed. 306, a similar suit in the Illinois Northern District, the District Court held that a subcontractor might sue six months after the work had been completed and otherwise settled for, without regard to stipulations in the contract that the contractor should keep the work in repair for a year, and that.5 per cent. of the entire contract price should be retained during that year to secure the making of such repairs as might prove necessary.

There are no such stipulations in the contract here under consideration, and unless "final settlement" can be taken in the sense for which this subcontractor contends, it is not shown that the statutory condition precedent was satisfied when the suit was brought. There is difficulty in holding that there can be no "final settlement" of such a contract as this before full payment of everything due under it has been made. If such full payment was intended to be the beginning of the six-month period, it is difficult to see why a term whose meaning is open to so much question as the term "final settlement" should have been used to express it. But, even if it be conceded that final determination of what was due for the completed work would be the "final settlement" intended by the statute, I am unable to regard the agreed facts as sufficient to show that the quartermaster's report in March was "final settlement" in that sense. The Treasury Department, it would seem, had still to pass upon that report, and its decision was not made until January, 1913, and a suit brought before it was made would still be premature.

It is true that either "final settlement," in the above sense, or final payment, might be delayed for a year or more after completion of the work, and that in a suit brought six months thereafter no creditor could intervene, according to the strict language of the statute, which allows such intervention within a year from the completion of the contract work and not later. But even in view of this difficulty in ascertaining the true meaning of the statute, I am unable to hold that these agreed facts establish a "final settlement" six months prior to November 7, 1912. I must therefore find for the defendant and dismiss the suit.