UNITED STATES, to Use of CHIEF ALL OVER et al., v. BAILEY et al.

(District Court, D. Montana. August 18, 1913.)

No. 937.

UNITED STATES (§ 67*)—ACTION ON CONTRACTOR'S BOND—LIMITATION—"FINAL SETTLEMENT."

Under Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1911, p. 1071), which gives a right of action on the bond of a contractor for government work in favor of persons supplying labor or materials but limits the time for bringing such action to one year "after the per-

formance and final settlement of said contract," the "final settlement" dates from the settlement and certification of the contractor's accounts after completion of the work by the proper auditor in the Treasury Department.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. § 67.*

For other definitions, see Words and Phrases, vol. 3, p. 2804.]

At Law. Action by the United States, to the Use of Chief All Over and others, against B. J. Bailey and others. Judgment for plaintiffs.

W. H. Meigs, of Great Falls, Mont., for plaintiffs.

Freeman & Thelen, of Great Falls, Mont., for defendants.

BOURQUIN, District Judge. This action is pursuant to Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1911, p. 1071), by unpaid laborers of a subcontractor of contractors with the United States, upon public work, against said contractors and their bondsmen. The case is tried by the court upon an agreed statement of facts, wherefrom it appears that the contract with the United States provided for the construction of irrigation works to reclaim arid lands under the control of the Secretary of the Interior; that the work would be done to the satisfaction of the chief engineer of the United States, and, when completed to his satisfaction and a release of all claims against the United States on account thereof was executed by the contractors, final payment of the balance due the latter would be made; that the contract was "completely executed," proof thereof made by the contractors to the satisfaction of said chief engineer, and release of all claims as aforesaid filed, August 18, 1908; that the contractors' claim in connection therewith was examined, settled, and certified in the amount due thereon by the Auditor for the Interior Department on September 10, 1908; and that the "last check or payment made" to the contractors was dated on or about September 10, 1908. The action was commenced on September 4, 1909. The issue is whether or not it was timely commenced. The court is of the opinion that it was. The aforesaid statute provides that like actions "shall not be commenced until after the complete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract, and not later." It creates a right, liability, and remedy in behalf of those in like situation to the beneficiaries herein, conditioned upon action commenced within a stipulated time. It is in its nature remedial and to be liberally construed, but the condition must be performed or the right, liability, and remedy expire. The statute has made time of their essence. The prescribed time involves two events—performance and final settlement—and it is only after both have occurred that the time aforesaid begins to run.

"Performance" and "final settlement" are not synonyms. The first is the agreed work done; the second is the ascertainment or adjustment of the balance of rights and liabilities arising therefrom—in this case, determination by the United States of the balance due the contractors. This latter was not accomplished until the contractors' ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

counts were settled and certified by the auditor aforesaid. When the contract was entered into, the law was (it is part of the contract) and now is that all claims, demands, and accounts wherein the United States is concerned shall be settled and adjusted in the Treasury Department. Section 236, Rev. St. (U. S. Comp. St. 1901, p. 130). To that end, the third auditor of said department is designated as auditor for the Interior Department, to receive, examine, settle and certify all accounts relating to the department last mentioned, that treasury warrants may issue for amounts or balances due claimants. Act July 31, 1894, c. 174, 28 Stat. 205–207 (U. S. Comp. St. 1901, pp. 148, 149).

When this is done and not until then, in respect to government contracts performed, there is final settlement thereof, though further time be necessary for mere ministerial acts, to issue and deliver warrants. In no other wise can there be final settlement of contract obligations of the United States, and this is the final settlement contemplated by the Act February 24, 1905, aforesaid. And from the date of said auditor's settlement and certificate forthwith as the evidence thereof, the limited time within which actions like unto this must be commenced, begins to run.

Judgment will be entered for plaintiff.