[No. 21214.  Department One.  May 3, 1928.]

THE STATE OF WASHINGTON, *on the Relation of Milwaukee Lumber Company, Plaintiff*, v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Respondent*.[1]

[1] ABATEMENT AND REVIVAL (6)—PROHIBITION (5)—ANOTHER ACTION PENDING—DISCRETION—ADEQUATE REMEDY BY APPEAL.  In an action *in personam*, the plea of another action pending in another jurisdiction, upon the identical cause and between the same parties, does not entitle the defendant to a stay as a matter of right, but calls for an exercise of judicial discretion; hence prohibition does not lie to prevent the court from proceeding to a trial of the junior action.

Application filed in the supreme court March 21, 1928, for a writ of prohibition to prevent the superior court for Spokane county, Webster, J., from further proceeding in a cause. Denied.

*Munter & Munter,* for relator.
*Graves, Kizer & Graves,* for respondent.

BEALS, J.—During the month of August, 1924, one J. F. Cox commenced an action against the Milwaukee Lumber Company, a corporation, in the district court of the United States for the District of Idaho, Northern Division, in which action he demanded judgment against the defendant for an amount in excess of $1,100,000. After the cause had been twice tried in that court, a new trial having been granted after a verdict in plaintiff's favor on the second trial of the action, and while the action was still pending, the plaintiff therein commenced a new action against the same defendant, Milwaukee Lumber Company (relator herein), in the superior court of the state of Washington for Spokane county, in which action plaintiff seeks to recover from defendant, upon the same cause of action

¹Reported in 266 Pac. 1054.

set forth in his complaint in the action pending in the United States District Court for the District of Idaho, the same sum for which he demands judgment in that court.

[1]    The parties, the subject matter and the relief demanded in the two actions are identical, and the defendant having moved the superior court for Spokane county for an order staying further proceedings until the cause pending in the United States District court for the District of Idaho should be terminated, upon denial of its motion, asks this court for a writ of prohibition directed to the superior court for Spokane county prohibiting that court from proceeding further in the action now pending before it. An alternative writ of prohibition having been issued, the matter is now before this court for determination upon such writ.

Counsel for relator contend that the admitted facts required that the superior court grant relator's motion to stay, that there was nothing upon which the judicial discretion of the court could operate, and that therefore a writ of prohibition from this court to the superior court should issue. Relator's counsel, in their brief, admit (and it is undoubtedly the law, 1 C. J. p. 83, § 110), that the pendency of a law action *in personam* in one jurisdiction does not constitute sufficient ground for abatement of an action, later filed *in personam* in a court of another jurisdiction, in which the parties and subject matter are identical, but contend that the pendency of such prior action may, in a given case, be sufficient cause for staying the later action until the prior action is disposed of.

While it is true that, under certain circumstances, the court in which the junior action is pending might properly stay the same or grant a continuance of the trial thereof to await some particular action by the

court in which the senior action is pending, we think
that the mere statement of this proposition necessarily
indicates that the granting or refusal of such relief
constitutes such an exercise of judicial discretion as
cannot be reviewed by an appellate court in a proceed-
ing of this character.

We are satisfied that the admitted facts of this case
do not require, as matter of law, the entry of an order
by the superior court staying the action pending in
that court, and we find nothing in the record before
us which demands or justifies the issuance of a writ
of prohibition.

Counsel for relator rely upon the cases of *State ex
rel. Nash v. Superior Court*, 82 Wash. 614, 144 Pac.
898, and *State ex rel. Martin v. Superior Court*, 97
Wash. 358, 166 Pac. 630, L. R. A. 1917F 905.

In the former case, this court held that the superior
court, in granting a motion for a change of venue for
the convenience of non-resident witnesses, acted in
excess of its jurisdiction, that not being, under the law
of this state, any ground for granting a change of
venue; that the court, in granting the motion upon a
ground not authorized by statute, acted in excess of
its jurisdiction, and that a writ of mandate should issue
from this court directing the superior court to vacate
its order granting a change of venue and proceed with
the trial.  It is clear that this court directed the is-
suance of the writ of mandate for the reason that it
held the superior court to have been acting without
jurisdiction, there being no facts alleged which re-
quired that a change of venue be granted, or upon
which the judicial discretion of the court could properly
operate.

In the later case of *State ex rel. Martin v. Superior
Court, supra,* this court granted a writ of prohibition
restraining the lower court from proceeding with the

trial of the cause after the denial of an application for change of venue. Judge Chadwick, speaking for the court, says:

"The claim for a change of venue, when once asserted, no question of fact being involved and no discretion of the court invoked, is more than a privilege, it is a right,"

and this court held that the undisputed facts showed that the defendant was entitled to a change of venue, and that the assertion of these facts, the same being uncontroverted, ousted the court to which the application was made of jurisdiction to proceed further in the action. That being so, in denying the motion for change of venue and proceeding to hear the cause, the superior court was acting without jurisdiction, and a writ of prohibition should issue. In the opinion in this case, the court criticizes the prior opinion of the court in the case of *State ex rel. Nash v. Superior Court,* above referred to, saying that the case was rightly decided, but that the decision was probably put upon the wrong ground. It is clear that, in these two cases, this court held that the lower court, in the one case, acted in excess of its jurisdiction by improperly granting a change of venue, and in the other case, was acting without jurisdiction in proceeding with the case after denying a motion for a change of venue, when the uncontroverted facts showed that application for such change was well founded in law. In neither case was there any opportunity offered for the exercise of any judicial discretion such as was presented to the trial court in the case at bar.

The writ will be denied.

FULLERTON, C. J., MAIN, and MITCHELL, JJ., concur.