## CAMPBELL BLDG. CO. v. DISTRICT COURT OF MILLARD COUNTY et al.

No. 5866.  Decided December 26, 1936.  (63 P. [2d] 255.)

Rehearing Denied February 6, 1937.

*Allen T. Sanford,* of Salt Lake City, for plaintiff.

*Sam Cline,* of Milford, for defendants.

FOLLAND, Justice.

An alternative writ of prohibition was issued out of this court on the petition of plaintiff requiring the District Court of Millard County to desist from further proceedings in an action entitled "State of Utah and State Road Commission of the State of Utah for the use and benefit of Erma McBride and Newton McBride, doing business under the firm name and style of McBride Lumber Company, Plaintiffs, v. Campbell Building Company, a corporation, and American Surety Company of New York, a corporation, First National Bank of Salt Lake City, a corporation, A. Edsel Christensen, as State Treasurer of the State of Utah, and Julius C. Anderson, as State Auditor of the State of Utah, Defendants," wherein plaintiffs sought to recover on a road construction bond for materials furnished by them to the contractor. The case is before us on demurrer and motion to quash the alternative writ. An answer to the petition is also on file.

The question on merits is whether or not there has been a completion of the work and final settlement of the contract by the State Road Commission as to the general contractor under the statute (section 17-1-2, R. S. Utah 1933) which permits material and labor claimants to bring suit on a bond after six months from the date of the "completion and final settlement, or abandonment, of the contract" and within one year from such date. Plaintiff's position is that there has been no final settlement because the Campbell Building Company has never accepted as accurate the amount of money acknowledged by the state to be due, and there is now pending a suit between the Campbell Building Company and the State Road Commission wherein the building company is claiming payment for more work than computed by the State Road Engineer in his final estimate to the State Road Commission. Unless these facts, which are admitted, conclusively show that the trial court acted without or in excess of its jurisdiction, the peremptory writ must be denied.

The Campbell Building Company, as general contractor, entered into a contract with the State Road Commission in 1932 for the construction of about fifteen miles of state highway in Millard county, Utah, and pursuant to law and the contract furnished a bond executed by it as principal and the American Surety Company as surety conditioned as required by statute. The defendants McBride, alleging that there had been a final settlement had respecting the contract on June 19, 1933, commenced an action on the bond on April 4, 1934, against the building company as principal and the surety company as surety for the purchase price of certain materials alleged to have been furnished by them to the contractor and for which they have not been paid. Other material and labor claimants intervened in the action in the district court. The defendants in the district court action filed an answer in which they denied that there had been any final settlement of the contract and alleged that the case had been commenced prematurely, thereby creating an issue of fact. It is conceded that if there has been no final settlement, as contemplated by the statute, then the action in the district court was premature and the district court would be without jurisdiction to proceed further in the matter, except to dismiss the case. *Stitzer* v. *United States to Use of Vaughn* (C. C. A.) 182 F. 513; *United States ex rel. Texas Portland Cement Co.* v. *McCord*, 233 U. S. 157, 34 S. Ct. 550, 58 L. Ed. 893; *London & Lancashire Indemnity Co.* v. *Smoot*, 52 App. D. C. 378, 287 F. 952. The trial court made an order that it would first "hear proof and determine the issues as to final settlement," and in the event it be found that there had been a final settlement between the State Road Commission and the Campbell Building Company, that the court would then set a date certain to take proof touching the claims of the plaintiffs and the interveners. The court thereupon took evidence and heard counsel for the parties in argument and found that there had been a final settlement and ruled that the action had not been prematurely brought. A date was then set for the trial of the

remaining issues. At this stage of the proceedings the plaintiff herein petitioned for and obtained the alternative writ of prohibition in this court, staying the trial of the cause in the district court of Millard county.

The precise difference between the parties may be shown by the allegations of paragraph 8 of the petition, which reads as follows:

"8. That said roadway had been completed and accepted before the commencement of said action, and the Engineer had certified his acceptance of said work to said State Road Commission; but the said Commission had not accepted the entire contract or said work and passed final estimate thereof to the State Auditor, as provided by paragraph A-62 of the specifications which are a part of said contract; which paragraph reads as follows: 'Whenever the Contractor shall have completed the work in accordance with the terms of the contract, the Engineer will certify his acceptance to the Commission together with estimate of all work performed and the value thereof. The contractor must allow such time, between the completion of the work and submission to the Commission of the final estimate of work performed, as the Engineer may require to compute, assemble and check the necessary data. The Commission upon satisfactory evidence that the Contractor has fully paid all just debts for labor, material and equipment incurred in connection with said work and that the contractor has fully restored all public and private property damaged during construction of said work will accept the work and release the Contractor except as to the conditions of the contract bond, and will pass final estimate of the work performed to the State Auditor for final payment.' That said State Road Commission asserts, and ever since the completion and acceptance of said roadway it has asserted, that it has not accepted the entire contract between it and the Campbell Building Company, nor passed a final estimate for said work."

From the above it will be seen that plaintiff herein contends that there is no final settlement in contemplation of the statute because of the pendency of the action between it and the State Road Commission and the fact that no final acceptance of the contract and payment of the amount due has been made. The defendants contend that the final settlement referred to in the statute is the final estimate of the State Road Engineer which determined the balance due on

the contract as contended for by the state. Payment was made of the whole amount due except 10 per cent of the total contract which was retained until the defendant could show by affidavit filed with the State Road Commission that all claims of labor and material had been fully paid and satisfied.

It is quite apparent that the trial court had jurisdiction of the cause and of the parties and acted within its legal powers in attempting to first determine whether such a final settlement had been had as to give plaintiffs the right to commence their action against the principal and surety on the bond; that the court clearly has jurisdiction to proceed with the cause unless the admitted facts set out in plaintiff's petition herein show a failure of consideration.

We cannot in this proceeding review the action of the district court because the evidence adduced at the hearing before the trial court is not in the record before us and such is not the function of the writ of prohibition. If the decision of the trial court amounted merely to error, then plaintiff has an adequate remedy by appeal. The writ of prohibition will not issue unless the trial court acted without or in excess of its jurisdiction. *Atwood v. Cox,* 88 Utah 437, 55 P. (2d) 377.

The bond required by the statute to be given by the contractor is for the purpose of protecting mechanics and material-men. Section 17-1-1, R. S. 1933. This statute is highly remedial for the benefit of and to provide security for all persons who furnish labor and material on public work. *United States of America for Use of Alexander Bryant Co.* v. *New York Steam Fitting Co.,* 235 U. S. 327, 35 S. Ct. 108, 59 L. Ed. 253; *Illinois Surety Co.* v. *John Davis Co.,* 244 U. S. 376, 37 S. Ct. 614, 61 L. Ed. 1206.

The pertinent parts of section 17-1-2, R. S. 1933, out of which this controversy arises, are as follows:

"If no action is brought by the obligee within six months from the completion and final settlement, or abandonment, of the contract, then any person who has supplied labor or materials shall, upon application

therefor, he furnished with a certified copy of the original contract and bond, upon which he shall have a right of action, and may sue the contractor and his surety, for his own benefit, in the name of the obligee, in any court having jurisdiction in the county where the contract was to be performed, and may prosecute such action to final judgment and execution; provided, that where such action is instituted by any such creditor it shall not be commenced until after the complete performance of such contract and final settlement thereof, or abandonment thereof, and shall be commenced within one year thereafter and not later."

The statute further contemplated but one action and permits all other labor and material claimants to intervene and have their claims determined in the one action. It is quite obvious that the "final settlement" referred to in the statute is something different from the final payment referred to in the provision of the contract quoted above and on which plaintiff relies. Such final payment cannot be made by the state until after all labor and material claimants have been paid. The final settlement referred to in the statute is the point from which time is completed so that after six months and within a year such claimants as have not been paid may bring an action to recover on the bond. If the two were construed to refer to the same thing, an impasse would result because the state could not make final payment until the showing is made of the payment of all labor and material claims and labor and material claimants could never bring their action because there would be no final settlement. Our statute is similar to that of the United States on the same subject and was undoubtedly taken from the federal act. The United States Supreme Court and various of the federal courts have construed the United States statute. In *United States* v. *Robinson* (C. C. A.) 214 F. 38, 40, the court said:

"The date was, therefore, fixed relatively to 'complete performance of the contract and *final settlement thereof*.' We take it that these italicized words refer to the time when the proper government officer, who has the final discretion in such matters, after examination of the facts, satisfied himself that the government will accept the work, as it is, without making any claim against the contractor for unfinished or imperfect work, damages for delay or what not, and records that

decision in some orderly way. Six months after that date, material-men may begin suit."

In *Illinois Surety Co.* v. *United States,* 240 U. S. 214, 36 S. Ct. 321, 323, 60 L. Ed. 609, Mr. Justice, now Chief Justice, Hughes, speaking for the court, stated:

"The pivotal words are not 'final payment,' but 'final settlement,' and in view of the significance of the latter term in administrative practice, it is hardly likely that it would have been used had it been intended to denote payment. See *United States* v. *Illinois Surety Co.* [D. C.] 195 F. 306, 309; *United States* v. *Bailey* (D. C.) 207 F. 782, 784; *United States* v. *Robinson* (C. C. A. 2d C.) supra; *United States* v. *Massachusetts Bonding Co.* [D. C.] 215 F. 241, 244; *United States* v. *Illinois Surety Co.* (C. C. A. 7th C.) 226 F. 653, 662. The word 'settlement,' in connection with public transactions and accounts, has been used from the beginning to describe administrative determination of the amount due. * * *

"But it is apparent that the word 'settlement' in connection with public contracts and accounts, which are the subject of prescribed scrutiny for the purpose of ascertaining the rights and obligations of the United States, has a well-defined meaning as denoting the appropriate administrative determination with respect to the amount due. We think that the words 'final settlement' in the act of 1905 had reference to the time of this determination when, so far as the government was concerned, the amount which it was finally bound to pay or entitled to receive was fixed administratively by the proper authority. It is manifestly of the utmost importance that there should be no uncertainty in the time from which the six months' period runs. The time of the final administrative determination of the amount due is a definite time, fixed by public record and readily ascertained. As an administrative matter, it does not depend upon the consent or agreement of the other party to the contract or account. The authority to make it may not be suspended, or held in abeyance, by refusal to agree. Whether the amount so fixed is due, in law and fact, undoubtedly remains a question to be adjudicated, if properly raised in judicial proceedings, but this does not affect the running of the time for bringing action under the statutory provision."

This interpretation has been followed quite uniformly by both federal and state courts: *United States* v. *Arnold* (D. C.) 268 F. 130; *Arnold* v. *United States* (C. C. A.) 280 F. 338; *United States Fidelity & Guaranty Co.* v. *United States,*

54 App. D. C. 342, 298 F. 365; *Mandel* v. *United States* (C. C. A.) 4 F. (2d) 629; *Antrim Lumber Co.* v. *Hannan* (C. C. A.) 18 F. (2d) 548; *Austin Bros. Bridge Co.* v. *Love* (Tex. Com. App.) 34 S. W. (2d) 574.

There is no merit to the claim that the material and labor claimants to commence their action must wait until six months after final adjudication of all items in controversy between the contractor and the state. The purpose of the statute is to give the state an opportunity to proceed first against the bond, and for that purpose it has six months' time within which to bring its action after completion of the work and final settlement as administratively determined by the proper officer. After that and within the year other claimants may bring suit.

Plaintiff cites and relies on a decision of this court in *Board of Education of Granite School Dist.* v. *Southern Surety Co.*, 76 Utah 63, 287 P. 332, 335, wherein it was said:

"A contract cannot be said to be finally settled so long as there is a dispute as to the amount still owing on the contract."

We think a careful study of this case will show it was not intended to decide the point in controversy in the instant case. The court further said:

"The final certificate issued by the architects on November 12, 1925, did not finally settle the amount owing to Adamson, but on the contrary, the architects discovered that the first final certificate was in error, and, under date of July 17, 1926, issued a new final certificate which was taken by the board of education as the basis for making final payment."

In that decision the certificate of the architects was rightly taken as the basis for the final settlement, but it is apparent the architects themselves withdrew the first certificate issued as a final certificate and later substituted another for it. This, of course, would hold the matter in abeyance until the final and corrected certificate was entered. It is clear from the decisions and the reasoning in the federal cases heretofore cited that the date of final settlement is not and

cannot be delayed by mere failure of the contractor to accept the amount fixed by the architect or engineer in his final estimate.

It follows from what we have said that the district court is not without jurisdiction to proceed with the trial of the cause. The alternative writ heretofore issued is hereby withdrawn and quashed, and the prayer of plaintiff for a permanent writ of prohibition is denied. Costs to defendants.

ELIAS HANSEN, C. J., and EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.