282

## MACRE v. WEYERHAEUSER S. S. CO.
### No. 14003.

District Court, W. D. Washington, N. D.
July 29, 1938.

Sam L. Levinson, of Seattle, Wash., for libelant.

Bogle, Bogle & Gates, of Seattle, Wash., for respondent.

NETERER, District Judge.

The libellant contends that he may proceed with both cases in Federal Court and State Court at the same time as a matter of right. It is primer law that pending of two actions between the same parties for the same subject matter is not cause for abatement of one action. The libellant cites a number of authorities from the Supreme court of the State of Washington. In State ex rel. Milwaukee Lumber Co. v. Superior Court, 147 Wash. 615, 266 P. 1054, was a denial of a writ of prohibition against the court in which the last action was filed; and the court said that upon the facts and the records the writ is not justified. Townsend v. Rosenbaum, 187 Wash. 372, 60 P. 2d 251 followed the Milwaukee Case, supra. These cases are clearly distinguished from the issue in this case. The Northwest Engineering Co. v. Chadwick Machinery Co., Tex.Civ.App., 93 S.W.2d 1223, 1224, was controlled by a fixed rule in that state. In State ex rel. Dos Amigos, Inc., v. Lehman, 100 Fla. 1313, 131 So. 533, the court held pending of a prior suit in a Federal court is not ground for the *abatement* of a lawsuit in a State court. In Barber Asphalt Paving Co. v. Morris, 8 Cir., 132 F. 945, at page 952, 67 L.R.A. 761, the court said that the primary reason for the grant to the Federal courts of the dominant power to issue writs of mandamus to inferior courts, in the exercise of and in aid of their appellant jurisdiction, was to enable them to protect that jurisdiction against invasion. This was an action by a citizen of another State in the Federal court, and the writ was denied against the District court.

The instant motion does not seek abatement but merely the exercise of *discretion* on the part of the court. This court for more than a quarter of a century (since the writer donned the wool sack in this court) has uniformly exercised such discretion in the interest of economy of time, and relief of a congested calendar; and in the interest of litigants in saving them from the unnecessary preparation of trial in two courts. A situation readily conceived might arise where a rich litigant may defeat justice to a poor litigant by forcing him to abandon his claim of right, or fee lawyers in two courts at the same time; and also requiring preparation of proofs to support the asserted claims, by deposition and otherwise, and encourage speculation, on "fishing expedition" or a voyage of dis-

covery, at the expense of the court's time, and the "tax payer's" money.

The court, when within its power, should require a simple concise, open and efficient presentation of the issue, with singleness of purpose in a competent, convenient and expedient tribunal of the plaintiff's selection, rather than traditional strategy of mystification, speculation and disguise; and not simultaneously in Courts of coordinate jurisdiction, at double expense to the litigants in settling the issue, and in the preparation of the issue for trial.

Less than a half score years has witnessed crystallizing and "streamlining" the Court procedure by the several States and Nation, as shown by the "Pre-trial-service" acts, etc., and the Rules of Civil Procedure adopted by the U. S. Supreme Court.

The court should and must forestall legal quibbling, and inject an element of common sense in the Judicial thinking and procedure. This is imperative unless the judiciary is to be broken down by the load of new legislation, by State and Nation, or more. Judges, and court machinery provided, and expense added to the already large overhead, and tax payers' burdens increased.

The libellant after filing his libel in personam, and no doubt after further investigation, has determined to pursue his common law remedy, by commencing the State court action. This being his choice, the court must presume his election to pursue that remedy; the Court will exercise its discretion and in the interest of economy of time and expense, this action will be stayed for a reasonable time, to afford opportunity to dispose of the issue, tendered in the State court, or abandonment of that cause.