J. ELROY McCAW AND JOHN D. KEATING *v.* WILLSON C. MOORE, AS JUDGE OF THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT, TERRITORY OF HAWAII.

No. 2881.

ARGUED OCTOBER 25, 1951.     DECIDED NOVEMBER 2, 1951.

TOWSE, C. J., LE BARON, J., AND CIRCUIT JUDGE WIIG IN PLACE OF STAINBACK, J., DISQUALIFIED.

OPINION OF THE COURT BY LE BARON, J.

The petitioners brought an action in the circuit court of the Territory against the tax commissioner of the Territory to recover excise taxes paid under protest. They predicate that action on the ground that the pertinent territorial

tax statute (R. L. H. 1945, § 5455-D) is unconstitutional. The action is at issue in the circuit court on the tax commissioner's answer and counterclaim and on the petitioners' replication thereto. After issue had been so joined by the parties, the petitioners made application in the circuit court to stay proceedings pending appeal from a judgment of the United States District Court for the District of Hawaii, which not only dismissed without prejudice an action brought by the petitioners in that court against the tax commissioner to declare unconstitutional the same territorial tax statute but refused to exercise jurisdiction on the ground that contested tax statutes should be litigated in the courts of the State or Territory which enacted them. The presiding judge of the circuit court, after a hearing, entered an order denying the application for a stay on the ground that the circuit court "has jurisdiction of this case and is the proper court to hear it under the doctrine set forth by the Supreme Court of the United States and the Court of Appeals for the Ninth Circuit in *Stainback* v. *Mo Hock Ke Lok Po,* 336 U.S. 368 and *Alesna* v. *Rice,* 172 F. 2d 176, cert. denied 338 U.S. 814." No interlocutory appeal from the order of denial was sought or taken. The cause was set for trial. The petitioners then filed an original petition in this court for a writ of prohibition, which seeks to forbid the presiding judge of the circuit court from taking cognizance of the cause of action and to forbid him and the tax commissioner from taking further proceedings therein.

On order to show cause why a writ of prohibition should not issue, the respondents judge and tax commissioner made separate returns. Each return declares *inter alia* that (1) "the allegations of said petition for a writ of prohibition are not sufficient in law to warrant the granting of the writ"; (2) "the cause at issue in the Circuit Court of the First Judicial Circuit, proceedings in which said petition seeks to forbid, is within the jurisdiction of said

Court, and in the matter complained of, to wit, the denial of the application for a stay of proceedings, the respondent Judge of said Court did not exceed the jurisdiction of said Court or his own jurisdiction as Judge thereof but acted in lawful exercise of his jurisdiction"; (3) "the petition does not allege that the cognizance of said cause * * * does not belong to said Court or that the cause or a collateral matter arising therein is beyond the jurisdiction of said Court, or that said Court is not competent to decide the cause." These conclusions of law and statements of fact are found by this court to be true.

The grounds of the petition for a writ of prohibition are substantially the same as those of the application for a stay of proceedings. The objective of stay, sought to be ultimately accomplished in both the petition and the application, is identical and admitted to be such by the petitioners. Moreover, the petition makes the application a part of it. It alleges that the order denying the application is erroneous and that "the facts and reasons set forth in the application * * * constituted clear and sufficient ground for said respondent [trial judge] to grant the application for a stay of proceedings." The petition thus is tantamount to an interlocutory appeal from the order of denial and in effect calls upon this court not only to reverse that order but to grant the application.

More significantly, however, the petition does not allege that the trial judge acted outside the exercise of his judicial discretion and outside the jurisdiction of the circuit court or that the order of denial is invalid or void. Neither does the petition challenge the circuit court's jurisdiction, which the petitioners themselves invoked, or allege that such jurisdiction has been usurped or exceeded. Nor does it, in seeking preventive relief, allege that any unauthorized proceedings in the cause before the circuit court have been or will be taken. In short, the petition as to the cause of action

brought in the circuit court neither alleges the ground for issuance of the writ set forth in the statutory definition of prohibition "that the cognizance of such cause does not belong to such court, or that the cause or some collateral matter arising therein is beyond its jurisdiction, or that it is not competent to decide it" (R. L. H. 1945, § 10270) nor meets the statutory requisites of a petition for a writ of prohibition. (See R. L. H. 1945, § 10271.) Hence, it fails to show sufficient ground for the issuance of a writ of prohibition and is insufficient in law to warrant the issuance thereof. Nor is that failure assuaged or that insufficiency cured by the apparent attempt of the petition to have the proceedings reviewed on writ of prohibition so as to correct the alleged error of the trial judge in denying the application for a stay of proceedings.

Prohibition is essentially a preventive rather than a corrective remedy and issues to prevent the commission of a future act. It is only incidentally remedial in the sense of giving relief to parties from acts already performed. Consonant thereto, this court has held that "a writ of prohibition cannot be made to take the place of a writ of error." (*Colburn* v. *Cornwell,* 16 Haw. 784, 786.) Nor can it be made to take the place of other appellate modes of review. The general rule is that a writ of prohibition cannot be converted into or made to serve the purpose of an appeal, writ of error, or writ of review to undo what already has been done. (*Fitts* v. *Superior Ct.,* 4 Cal. [2d] 514, 51 P. [2d] 66, 102 A. L. R. 290; *State ex rel. Cacciatore* v. *Drumbright,* 116 Fla. 496, 156 So. 721, 97 A. L. R. 154; *Campbell Bldg. Co.* v. *District Ct.,* 90 Utah 552, 63 P. [2d] 255, 119 A. L. R. 250.)

The trial judge exercised his judicial discretion by denying the petitioners' application for a stay of proceedings. He clearly acted within that discretion and within the jurisdiction of the circuit court which has cognizance of the

cause and is competent to try it. Nor did the pendency of the prior action between the same parties in the United States District Court, or of an appeal therefrom, require him as a matter of law to grant the application where as here both actions are in personam. (See *Kline* v. *Burke Constr. Co.,* 260 U. S. 226.) His order of denial, therefore, cannot be reviewed by this court on writ of prohibition. (See *State* v. *Spokane County Superior Court,* 147 Wash. 615, 266 Pac. 1054.)

Petition for writ of prohibition denied.

*D. N. Ingman* and *K. E. Davis* (D. N. Ingman on the briefs) for petitioners.

*R. V. Lewis,* Deputy Attorney General (also on the brief) for respondents.